USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
JAMES P. WOLFGEORGE,

                    Plaintiff,

         - against -

THE CITY OF NEW YORK,
BRIAN P. MCLAUGHLIN, (P.O.),
WILLIAM A. MURRAY, (P.O.),

                    Defendants.
------------------------------------------------------------------x

09 cv. 3463 (HB)

**ORDER**

**Hon. HAROLD BAER, JR., District Judge:**

      On April 6, 2009, Plaintiff James P. Wolfgeorge ("Plaintiff" or "Wolfgeorge"), currently incarcerated and appearing *pro se*, brought suit for alleged excessive force by certain New York City Police Officers, pursuant to 42 U.S.C. § 1983. In his initial complaint, Plaintiff did not specifically name the officers allegedly involved in the incident, instead naming "John Doe #1 TNT Officer" and "John Doe #2 TNT Officer" as Defendants, along with the City of New York. On August 4, 2009, counsel for the City of New York filed an answer to the complaint. On August 7, 2009, Plaintiff moved to amend his complaint to add the actual names of the police officer defendants, Brian McLaughlin and William Murray. On October 8, 2009, while this motion was still pending, Plaintiff purportedly served Officer McLaughlin with the original complaint, and also purportedly served Officer Murray with a copy of the amended complaint. At a Pretrial Scheduling Conference on November 10, 2009, and later codified in an Order filed on December 21, 2009, this Court granted Plaintiff's motion to amend his complaint for the sole purpose of adding the names of the two individual defendants. Because Plaintiff attempted to serve McLaughlin and Murray before his motion for an amended complaint was granted, on January 5, 2010, this Court ordered the *pro se* Plaintiff serve the amended complaint again. On March 23, 2010, Corporation Counsel filed a letter motion, seeking to dismiss claims against the individual defendants for lack of proper service, and because even if service is eventually effectuated, it will be outside the three-year statute of limitations for this action, which appeared to conclude on or around November 6, 2009.

Generally speaking, the legal purpose of service is to protect the Due Process rights of an individual or entity, by providing "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988); (quoting *Mullane v. Central Hanover Bank & Trust Co.* 339 U.S. 306, 314 (1950)). Although Rule 4 of the Federal Rules of Civil Procedure typically expects that a summons and complaint are to be served at the same time after the filing of the suit, "federal courts have not been strict in interpreting the requirement that the summons and complaint be served together." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1093 (3d ed. 2009) (collecting cases); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999) (A defendant's time to remove is triggered either by simultaneous receipt of summons and complaint or "receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). This case presents a unique set of facts, where a *pro se* plaintiff, while admittedly towards the end of his statutory period to bring a § 1983 claim, nevertheless sought to diligently file and serve an amended complaint on the individual defendants once he obtained their names. Indeed, had Plaintiff's motion to amend been granted earlier, there would be no issue concerning service or the statute of limitations.

A few key facts stand out in this case. First, both Murray and McLaughlin have been on notice of this lawsuit since October, 23, 2009. Since Plaintiff sought only to add their names to the complaint, and did not seek permission to add new claims,[1] they were both reasonably apprised of the "pendency of the action" and the nature of the claims alleged against them, regardless of the complaint with which they were served. Second, the amended complaint has now been filed, and to the extent they have not been served with a copy, they should soon receive a copy from the U.S. Marshals, and otherwise can receive a copy from Corporation Counsel. As such, the due process concerns accomplished by formal service have been protected in this case in spite of the problematic procedural circumstances. Finally, Plaintiff is acting *pro se* and the Second Circuit has instructed that "a party appearing without counsel is afforded extra leeway in meeting the procedural rules of litigation," and "courts should not allow a pro se

---

[1] Corporation Counsel has previously noted to the Court that Plaintiff appears to have added additional claims when he amended the complaint. To the extent he deems it necessary, Corporation Counsel may address this concern through dispositive motion practice.

litigant's rights to be impaired by harsh application of technical rules." *Sims v. Blot*, 534 F.3d 117, 133 (2d Cir. 2008) (internal quotations and citations omitted). Therefore, it is hereby,

**ORDERED**, that Plaintiff's Amended Complaint is deemed served, *nunc pro tunc*, on Willam A. Murray and Brian P. McLaughlin, as of October 23, 2009. To the extent that either Murray or McLaughlin has not received a copy of the amended complaint, Corporation Counsel is instructed to provide them with such a copy; and it is further,

**ORDERED**, that Murray and McLaughlin shall have fourteen (14) days or until April 24, 2010 to file any responsive pleadings to the amended complaint, or join the previously filed summary judgment motion made by Corporation Counsel for the City of New York; within that same time, Murray and McLaughlin will also turn over all relevant discovery requested by Plaintiff; and it is further,

**ORDERED**, that assuming the City's Motion for Summary Judgment is joined in by the two individual defendants, the Plaintiff will have until May 5, 2010 to respond and no longer, while any reply will be due on or before May 20, 2010; and it is further,

**ORDERED**, that if the Motion for Summary Judgment is denied, the trial will commence on May 25, 2010, and all the trial materials will be due in Chambers by May 21, 2010.

**SO ORDERED.**

New York, New York
~~March ___, 2010~~
April 12, 2010

HAROLD BAER, JR.
United States District Judge